UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID COOK,

    Petitioner,                                 Civil No. 5:13-12171
                                              HONORABLE JOHN CORBETT O'MEARA
v.                                               UNITED STATES DISTRICT JUDGE

RANDALL HAAS,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

David Cook, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for first-degree premeditated murder, M.C.L.A. 750.316. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

**I. Background**

Petitioner was convicted following a jury trial in the Macomb County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

    A jury convicted defendant David Anthony Cook of first-degree premeditated murder, MCL 750.316(1)(a), for bludgeoning his live-in girlfriend with a

vacuum cleaner and suffocating her with a garbage bag. Defendant admitted to killing the victim in this manner but argued that he committed the crime in the "heat of passion." Despite defendant's claim to the contrary, the trial court correctly determined that the evidence did not support defendant's requested voluntary manslaughter instruction. Defendant's contention that the trial court violated his rights by empanelling an "anonymous jury" is similarly baseless. Accordingly, we affirm defendant's conviction and sentence of life imprisonment without the possibility of parole.

On the night of December 12, 2009, defendant killed his live-in girlfriend, the mother of his two children. Defendant told police that he and the victim had a heated argument that evening after the victim accused him of inappropriately kissing her aunt. The victim threw a beer bottle at defendant, striking him in the side, and then charged at him from across the room. Defendant indicated that he punched the victim in the face, knocking her to the floor. He then straddled her and struck her several more times in the face with his fist, rendering her unconscious. When the victim regained consciousness and tried to arise, defendant smashed her head repeatedly with a vacuum cleaner, nearly severing her ear.

Believing that he had killed the victim, defendant transported her body to their bed. Defendant sat on a chair at the foot of the bed to think, but "he didn't like looking at the blood on [the victim's] face." Defendant used a large plastic garbage bag to cover the victim's head and torso and continued to watch her. After a period of time, the victim moved her hand toward the bag and tried to remove it. At that point, defendant fastened the bag to the victim's face using duct tape and also bound her hands. Defendant then sat back in the chair and waited for the victim to stop moving. He told police that "he didn't want to get in trouble ... he wanted [the victim] more or less dead." Defendant placed the victim's body in the trunk of his car with the intention of dumping it later, but the car's axle broke when he tried to move it. The victim's body remained in the trunk for approximately four weeks until it was discovered during the police investigation. The medical examiner conducted an autopsy and confirmed defendant's story that the victim had suffered severe blunt-force trauma to the head, but ultimately died of asphyxiation due to suffocation. Specifically, the medical examiner testified that the victim died as a result of a plastic bag being placed over her head and secured with duct tape.

*People v. Cook,* No. 300321, * 1-2 (Mich.Ct.App. January 17, 2012).

Petitioner's conviction was affirmed on appeal. *Id., lv. Den.* 491 Mich. 944, 815

N.W.2d 444 (2012).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. The trial court violated Appellant's due process rights by empanelling a jury whose members were referred to only by juror numbers and by failing to give a proper cautionary instruction.

II. The trial court violated Appellant's due process right to present a defense by refusing to instruct the jury on voluntary manslaughter where there was evidence the decedent provoked Appellant by throwing a beer bottle and accusing Appellant of inappropriately kissing her aunt. [1]

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a

---

[1] Due to the brevity of the petition for writ of habeas corpus, this Court is willing to incorporate the arguments raised in petitioner's state appellate court brief [This Court's Dkt. # 10-3] which petitioner refers to in his habeas petition as being part of petitioner's application for writ of habeas corpus. *See e.g. Burns v. Lafler,* 328 F. Supp. 2d 711, 717, n. 2. (E.D. Mich. 2004).

3

question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

    The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's

4

decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief is not appropriate unless each ground which supported the state court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert*, 132 S. Ct. 1195, 1199 (2012).

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington,* 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia,* 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford,* 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 131 S. Ct. at 786-87.

### III.  Discussion

**A.  Claim # 1.  The anonymous jury claim.**

Petitioner first argues that his due process rights were violated during voir dire, when the trial judge referred to each of the jurors by their number and not by name, employing what is commonly known as an anonymous jury.

The United States Supreme Court has never held that jurors must be referred to by their name and not by number during the jury selection process.  Although the Sixth Amendment to the federal constitution guarantees criminal defendants a right to a public trial by an impartial jury, there is no constitutional right to a public jury. *See U.S. v. Lawson,* 535 F. 3d 434, 440 (6th Cir. 2008).  "Thus, the text of the Constitution does not warrant holding that defendants have a right to be informed of jurors' identities." *Id.* Indeed, evidence from the time of the drafting of the constitution suggests that such a right to have jurors identified was not intended to be part of the federal constitution. *Id.* at 440-41 (citing Kory A. Langhofer, Comment, *Unaccountable at the Founding: The Originalist Case for Anonymous Juries*, 115 Yale L.J. 1823, 1826-31 (2006)).  Given the lack of holdings by the Supreme Court on the issue of whether it is permissible to use an anonymous jury, the Michigan Court of Appeals' rejection of petitioner's claim was not an unreasonable application of clearly established federal law. *See Wright v. Van Patten,* 552 U.S. 120, 126 (2008); *Carey v. Musladin,* 549 U.S. 70, 77 ( 2006); *See also Thompson v. Runnells,* 208 Fed. Appx. 571, 572 (9th Cir. 2006)(petitioner not entitled to habeas relief involving his constitutional challenges to the state trial court's use of an

6

anonymous jury, because he failed to show that the California Court of Appeal's decision upholding the use of the anonymous jury was contrary to clearly established United States Supreme Court precedent). Although petitioner cites in his state appellate court brief to the Fifth Circuit case of *United States v. Sanchez,* 74 F. 3d 562 (5th Cir. 1996) in support of his claim, the AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. *Miller v. Straub,* 299 F. 3d 570, 578-579 (6th Cir. 2002). Fifth Circuit precedent does not constitute "clearly established Federal law, as determined by the Supreme Court" and thus "cannot form the basis for habeas relief under [the] AEDPA." *Parker v. Matthews,* 132 S. Ct. 2148, 2155 (2012). Petitioner is not entitled to habeas relief on his first claim.

**B. Claim # 2. The lesser included instruction claim.**

Petitioner next contends that the trial court erred in refusing to instruct the jurors on the lesser included offense of voluntary manslaughter.

The United States Supreme Court has declined to determine whether the Due Process Clause requires that a state trial court instruct a jury on a lesser included offense in a non-capital case. *See Adams v. Smith,* 280 F. Supp. 2d 704, 717 (E.D. Mich. 2003)(citing *to Beck v. Alabama,* 447 U.S. 625, 638, n. 4 (1980)). Thus, a state trial court's failure to give the jury an instruction on a lesser included offense in a non-capital case is not contrary to, or an unreasonable application of, clearly established federal law as required for federal habeas relief. *Id.; See also David v. Lavinge,* 190 F. Supp. 2d 974,

986, n. 4 (E.D. Mich. 2002). *Beck* has been interpreted by the Sixth Circuit to mean that "the [federal] Constitution does not require a lesser-included offense instruction in non-capital cases." *Campbell v. Coyle,* 260 F. 3d 531, 541 (6th Cir. 2001). Thus, the failure of a state trial court to instruct a jury on a lesser included offense in a non-capital case is not an error cognizable in federal habeas review. *Bagby v. Sowders*, 894 F. 2d 792, 797 (6th Cir. 1990).

Although petitioner was charged with, and convicted of, first-degree murder, which carries a sentence of life imprisonment without parole, petitioner was not facing a capital conviction within the meaning of *Beck* that would entitle him to a jury instruction on any lesser included offenses. In *Scott v. Elo,* 302 F. 3d 598, 606 (6th Cir. 2002), the Sixth Circuit held that a criminal defendant who had been convicted of first-degree murder in Michigan and had been sentenced to life imprisonment without parole was not entitled to habeas relief based upon the trial court's failure to instruct on the lesser offense of involuntary manslaughter. In so ruling, the Sixth Circuit characterized the defendant's first-degree murder charge as being a conviction for a non-capital offense. *Id.; See also Tegeler v. Renico,* 253 Fed. Appx. 521, 524-25 (6th Cir. 2007)(due process did not require jury instruction on the lesser-included offense of voluntary manslaughter in prosecution for first-degree premeditated murder, where petitioner received a nonparolable life sentence).

In any event, as the Michigan Court of Appeals indicated in rejecting petitioner's claim, a rational view of the evidence did not support the giving of an instruction on

8

voluntary manslaughter:

> A rational view of the record evidence simply does not support that defendant killed the victim in the heat of passion. Defendant avers that the victim adequately provoked his "heat of passion" during their argument and by striking him with a beer bottle. Although tenuous, a jury *arguably* could conclude that defendant acted in the heat of passion when he responded by punching the victim and striking her with a vacuum. However, the victim did not die as a result of this savage beating. Rather, the medical examiner testified that the victim was suffocated to death with a garbage bag. Defendant admitted that there was a lapse of time after he laid the victim on the bed and covered her face with a garbage bag but before he realized that the victim was still alive. Defendant admitted that he reflected on his actions during that time. This was a "reasonable time ... for the blood to cool and reason to resume its habitual control. *People v. Townes*, 391 Mich. 578, 590; 218 NW2d 136 (1974). Defendant also admitted that he then sealed the bag around the victim's head to kill her and prevent discovery of his crime (likely only assault with intent to murder), not out of a temporary rage. Defendant then sat in a chair and watched while the victim suffocated to death. The passage of time combined with defendant's methodical actions to eradicate the sole witness against him shows "deliberation and reflection," not a person "act[ing] out of a temporary excitement." *Id.* Based on the record evidence, no reasonable jury could conclude that defendant lacked malice when he suffocated the victim, thus mitigating his crime to manslaughter. Accordingly, the trial court properly denied defendant's request for the lesser included offense instruction.

*Cook,* Slip. Op. at * 3-4 (emphasis original).

Under Michigan law, a defendant is guilty only of voluntary manslaughter if he "killed in the heat of passion, the passion was caused by adequate provocation, and there was not a lapse of time during which a reasonable person could control his passions." *Ruelas v. Wolfenbarger*, 580 F. 3d 403, 413 (6th Cir. 2009)(quoting *People v. Mendoza,* 468 Mich. 527, 535, 664 N.W.2d 685 (2003)). Because the evidence in this case did not rationally support a finding that petitioner was acting under the heat of passion when he

suffocated the victim, the failure to instruct the jury on the lesser offense of voluntary manslaughter did not deprive petitioner of a fair trial. *See Todd v. Stegal,* 40 Fed. Appx. 25, 29 (6th Cir. 2002). Petitioner is not entitled to habeas relief on his second claim.

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See*

*Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

          s/John Corbett O'Meara
          United States District Judge

Date:  January 23, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 23, 2014, using the ECF system and/or ordinary mail.

          s/William Barkholz
          Case Manager